# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**October 11, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: C.S.-2

No. 16-0425 (Kanawha County 14-JA-411)


## MEMORANDUM DECISION

Petitioner Mother C.V., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's March 30, 2016, order that terminated her parental rights to C.S.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Bryan B. Escue, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred when it found that she failed to remedy the conditions of abuse and neglect that led to the prior involuntary termination of her parental rights to older children and in its denial of an improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, the DHHR filed an abuse and neglect petition in the Circuit Court of Jackson County following the birth of petitioner's daughter, C.S.-2, that same month. The petition alleged aggravated circumstances against the parents based upon their involvement in a

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, because the father and the child share the same initials, the Court will refer to them as C.S.-1 and C.S.-2, respectively, throughout this memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

prior abuse and neglect proceeding. According to the DHHR, the Circuit Court of Jackson County previously terminated petitioner's parental rights to older children by order entered in September of 2014 upon conditions of abuse that included domestic violence between petitioner and C.S.-1 in the children's presence.[3] Specifically, the children in that case indicated that they witnessed petitioner and C.S.-1 engage in domestic violence involving weapons, including an incident in which C.S.-1 struck petitioner with a baseball bat that two of the children gave petitioner to defend herself with when they intervened in the altercation. Less than one month after the entry of the order terminating her parental rights to these older children, petitioner gave birth to C.S.-2 and the DHHR initiated the current abuse and neglect proceedings. However, the DHHR's petition in the Circuit Court of Jackson County was eventually dismissed due to lack of venue and the matter was transferred to the Circuit Court of Kanawha County where petitioner moved and the child was born.

In April of 2015, the Circuit Court of Kanawha County held a preliminary hearing on the DHHR's petition, during which it took judicial notice of the orders from petitioner's prior abuse and neglect proceeding. The circuit court also ordered that a certified copy of the entire case file from the prior proceeding be provided to the parties. Thereafter, the circuit court held adjudicatory hearings in July and August of 2015. During the hearings, the circuit court heard testimony from the father of one of petitioner's older children, petitioner, a psychologist that evaluated petitioner, and C.S.-1. As the main issue of abuse in the home during the prior proceeding surrounded domestic violence between petitioner and C.S.-1, the circuit court in this matter heard testimony regarding the fact that the parents continued their relationship for several months after the termination of their parental rights to older children, including the fact that petitioner and C.S.-1 continued to live together at the time of the first adjudicatory hearing in July of 2015. Moreover, petitioner failed to present any evidence that she had taken steps to remedy the conditions of abuse and neglect. Ultimately, the circuit court found that petitioner failed to remedy the circumstances that led to the prior involuntary termination of her parental rights to her older children and adjudicated her as an abusing parent. Despite the presence of aggravated circumstances and over the guardian's objection, the circuit court also ordered the DHHR to provide petitioner with several services, including transportation, therapy, parenting and adult life skills education, domestic violence counseling, and any other services recommended in petitioner's psychological evaluation.

In December of 2015, the circuit court held a dispositional hearing, during which it heard evidence that petitioner failed to benefit from services sufficient to return the child to her care. Moreover, petitioner failed to accept responsibility for her abuse of the children as she testified that she and C.S.-1 never experienced issues of domestic violence in the home, despite her testimony that she obtained a domestic violence protective order against C.S.-1 in August of 2015. Ultimately, the circuit court found that petitioner could not substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was in the child's best interests. As such, the circuit court terminated petitioner's parental rights to the child. It is from the dispositional order that petitioner appeals.

---

[3]Petitioner appealed the termination to this Court, which affirmed the same. *See In re: T.V., B.V., D.L., C.V., & K.S.*, No. 14-1048, 2015 WL 2380879 (W.Va. May 18, 2015) (memorandum decision).

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

First, the Court finds that petitioner's assignment of error regarding the circuit court's denial of an improvement period was not properly preserved below. According to petitioner, the circuit court erred in denying her an improvement period following the dispositional hearing. Pursuant to West Virginia Code § 49-4-610(3)(A), a circuit court may grant a parent an improvement period as disposition when "[t]he [parent] moves *in writing* for the improvement period . . . ." (emphasis added). On appeal, petitioner cites to no written motion for an improvement period, and the record on appeal is devoid of any such written motion. As such, the Court cannot find error in this regard, especially in light of the fact that the case concerned aggravated circumstances due to the prior involuntary termination of petitioner's parental rights to older children. Pursuant to West Virginia Code § 49-4-604(b)(7)(C), "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parental rights of the parent to another child have been terminated involuntarily[.]" Not only did petitioner fail to properly seek an improvement period below, but the DHHR was under no obligation to provide her services due to the aggravated circumstances of the case. As such, we find no error.

Finally, the Court finds no error in the circuit court's finding that petitioner failed to remedy the conditions of abuse and neglect that necessitated the prior termination of her parental rights to older children. We have previously held that

"W.Va.Code [§] 49-6-2(c) [now W.Va. Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

3

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted). Further, in addressing abuse and neglect petitions filed upon allegations of a prior involuntary termination of parental rights to older children, we have held that

> [w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse . . . . Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49-6-5b(a) [now West Virginia Code § 49-4-605(a)] is present.

*In re Kyiah P.*, 213 W.Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999)).

On appeal, petitioner alleges that she remedied the conditions of abuse and neglect that necessitated the prior termination of her parental rights by separating from C.S.-1, obtaining independent housing, and her insistence that C.S.-2 was never subjected to domestic violence, among other arguments. However, the Court notes that petitioner's argument on appeal ignores several important factors, including the fact that petitioner continued her relationship with C.S.-1 for approximately nine months after her parental rights to older children were terminated due to engaging in domestic violence with him in the children's presence. Additionally, while petitioner argues that her separation from C.S.-1 supports her argument that the circuit court erred in adjudicating her as an abusing parent, she ignores the fact that at the time of the first adjudicatory hearing in July of 2015, petitioner was still living with C.S.-1. In fact, petitioner admits that she obtained a domestic violence protective order against C.S.-1 as late as August of 2015, although she claims that no actual domestic violence occurred between them and that she only obtained the order as a means to remove C.S.-1 from the home. Regardless of whether actual domestic violence occurred in the home, the record is clear that petitioner continued her relationship with C.S.-1 well through the adjudicatory phase of the proceedings below, despite the fact that the relationship was the cause of the domestic violence that led to the prior involuntary termination of her parental rights.

Moreover, the record is clear that petitioner's failure to acknowledge the conditions of abuse and neglect from the prior involuntary termination of her parental rights prevented her from remedying the same. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable . . . .

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). At the dispositional hearing below, petitioner specifically testified that she and C.S.-1 never participated in physical violence, only verbal arguments, despite the voluminous evidence to the contrary. This evidences the fact that petitioner failed to acknowledge the issues of domestic violence in the home and, thus, failed to remedy the same. Additionally, testimony at the adjudicatory hearings indicated that petitioner failed to take any of the corrective steps toward remedying the conditions of abuse and neglect that were suggested during the prior abuse and neglect proceeding, including participation in therapy and a domestic violence intervention program. Despite approximately nine months since the conclusion of the prior abuse and neglect proceeding, petitioner offered no testimony or other evidence to establish that she had completed any of the recommendations from that prior proceeding. As such, it is clear that the circuit court did not err in finding that petitioner failed to remedy the conditions of abuse and neglect that led to the prior involuntary termination of her parental rights to older children.

For the foregoing reasons, we find no error in the circuit court's March 30, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: October 11, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II